Ernest E. Price (SBN: 164534)
eprice@meyersnave.com
David W. Skinner (SBN: 146285)
dskinner@meyersnave.com
**MEYERS, NAVE, RIBACK, SILVER & WILSON**
633 W. 5th Street, Suite 1700
Los Angeles, California 90071
Telephone: (213) 626-2906
Facsimile: (213) 626-0215

Attorneys for Defendant,
COUNTY OF SAN BERNARDINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| KENNETH MUNSON, | Case No. **5:13-CV-00373-AG-SP** |
| Plaintiff, | *Honorable  Andrew J. Guilford* |
| v. | Courtroom 10D |
| COUNTY OF SAN BERNARDINO; and DOES 1-10, | **DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Defendant. | *Fed. R. Civ. Proc. 1 & 16(a)(3)* |
| | Date:  July 15, 2013 |
| | Time:  10:00 a.m. |
| | Courtroom 10D |

1   **TO PLAINTIFFS, THEIR COUNSEL OF RECORD, AND THE**

2   **CLERK OF THE COURT:**

3      **PLEASE TAKE NOTICE THAT** on July 15, 2013, at 10:00 a.m., or as

4   soon thereafter as counsel may be heard, in Courtroom 10D of the above-captioned

5   Court, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant

6   County of San Bernardino ("County") shall move for an order temporarily staying

7   Plaintiff's Complaint and related claims of non-conforming curb ramps and/or curb

8   cuts (at times "subject action").

9      A parallel case previously before the Honorable Dean D. Pregerson of the

10   California Central District is currently pending appeal before the Ninth Circuit:

11   *Fortyune v. City of Lomita,* No. CV-11-06644-DDP-JCG.  The precise legal

12   question at issue in this action, with an almost identical factual pattern, is currently

13   subject to an interlocutory appeal.  In this subject action, as in *Fortyune* appeal, a

14   determination must be made as to whether on-street parking is a program

15   encompassed under the Americans With Disabilities Act of 1990 (42 U.S.C. §§

16   12101 et seq.) ("ADA") and whether or not the County violated the Act by not

17   providing curb cuts for a disabled person and access to pedestrian pathways located

18   in the city of Crestline.  All briefings from this appeal ("*Fortyune* appeal") have

19   been submitted and oral argument is likely to occur later this year.   (Court of

20   Appeals Docket # 12-56280).

21      The dispute in the *Fortyune* appeal involves identical legal issues of law

22   applied to essentially identical factual circumstances to the subject action.   Plaintiff

23   in the *Fortyune* case is represented by the same legal counsel representing Munson

24   in this subject action – the "Center For Disability Access."  A ruling by the 9th

25   Circuit from the *Fortyune* appeal will likely guide the outcome of this subject

26   action.   Rather than needless expend resources "guessing" at potential remedies in

27   this action, the County respectfully submits  that good cause exists to seek a

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION**

1   temporary stay pending the outcome of the *Fortyune* appeal.

2          The Court possesses the inherent power to control its own docket and

3   calendar. *Taylor, Bean &Whitaker Mortg. Corp. v. Triduanum,* 2009 U.S. Dist.

4   LEXIS 60849, 4 (C.D. Cal. 2009). "The power to stay proceedings is incidental to

5   the power inherent in every court to control the disposition of causes on its docket

6   with economy of time and effort for itself, for counsel, and for litigants." *Landis v.*

7   *N. Am. Co.,* 299 U.S. 248, 254 (1936). Federal Rules of Civil Procedure are to "be

8   construed and administered to secure the just, speedy, and inexpensive

9   determination of every action." Fed. R. Civ. Proc. 1. A court may, in its discretion,

10  stay civil proceedings when the interests of justice so require. *Keating v. Office of*

11  *Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). District courts have authority

12  under Federal Rules of Civil Procedure 16(a)(3) to schedule proceedings in a case to

13  "discourag[e] wasteful pretrial activities." "A trial court may, with propriety, find

14  its efficient for its own docket and the fairest course for the parties to enter a stay of

15  an action before it, pending resolution of independent proceedings which bear upon

16  the case." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005); *Leyva v.*

17  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This rule

18  applies "whether the separate proceedings are judicial, administrative, or arbitral in

19  character, and does not require that the issues in such proceedings are necessarily

20  controlling of the action before the court." *Levya v. Certified Groceries of*

21  *California, Ltd.,* 593 F.2d 857, 864-65. A district court has discretionary power to

22  stay proceedings in its own court. *Lockyer v. California,* 398 F.3d 1098, 1109.

23         This Motion is respectfully submitted pursuant to *Landis v. N. Am. Co.,* 299

24  U.S. 248, 254 (1936), in part, and seeks a stay pending resolution of the Ninth

25  Circuit's review of a denial by the California Central District Court in *Fortyune v.*

26  *City of Lomita,* 823 F.Supp.2d 1036 (C.D. Cal. 2011) of a motion to dismiss brought

27  by the defendant city of Lomita pursuant to Federal Rule of Civil Procedure

28

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

12(b)(6).  Since *Fortyune* involves identical claims as those alleged in this action
and the forthcoming Ninth Circuit decision will guide or be dispositive of the issues
in this action, a stay will prevent substantial duplication of issues, wasted party and
judicial recourses, and help ensure a uniformity of decisions in a novel and far-
reaching area of ADA law.

This motion is made following the conference of counsel pursuant to Local
Rule 7-3 which took place from April 27, 2013 extending to May 8, 2013.


DATED:  June 17, 2013             MEYERS, NAVE, RIBACK, SILVER & WILSON


                                  By:      */s/ Ernest E. Price*
                                  ERNEST E. PRICE
                                  Attorneys for Defendant,
                                  COUNTY OF SAN BERNARDINO

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................... 1

        A.      The Nature of this Action is Identical to that of *Fortyune* .................... 2

        B.      Relief Sought is A Temporary Stay Pending Resolution of
                Appeal .......................................................................................... 3

II.     FACTUAL BACKGROUND ...................................................................... 4

III.    LEGAL ARGUMENT ............................................................................... 7

        A.      THE COURT HAS DISCRETION TO STAY THIS ACTION
                UNDER *LANDIS* PENDING THE OUTCOME OF THE SAME
                LEGAL ISSUES ON APPEAL BEFORE THE NINTH
                CIRCUIT ..................................................................................... 7

        B.      THE COURT SHOULD BRIEFLY STAY THIS PROCEEDING
                PENDING THE OUTCOME IN *FORTYUNE* OF LEGAL
                ISSUES DISPOSITIVE OF THE SAME ISSUES RAISED IN
                THIS CASE .................................................................................. 12

                1.      A Stay Here Will Further The Orderly Course Of Justice ......... 12

                2.      The Benefit To The Parties Far Outweighs Any Harm
                        From Staying This Proceeding .................................................. 13

                3.      A Decision In The *Fortyune* Appeal Is Reasonably
                        Forthcoming And Staying This Proceeding Will Therefore
                        Not Result In Undue Delay ....................................................... 15

IV.     CONCLUSION ......................................................................................... 15

<u>Cases</u>

*Clinton v. Jones*
   520 U.S. 681 (1997) ........................................................................ 7

*CMAX Inc. v. Hall,*
   300 F.2d 265 (9th Cir. 1962) .............................................. 11, 12, 14

*Fortyune v. City of Lomita,*
   823 F.Supp. 2d 1036, 1038 n.2 (C.D. Cal. 2011)
   No. CV-11-06644-DDP-JCG ....................................................... passim

*Freudberg v. Household Int'l, Inc. et al.,*
   2006 U.S. Dist. Lexis 24765 (E.D. Pa. Feb. 7, 2006) ...................... 10

*Keating v. Office of Thrift Supervision*
   45 F.3d 322 (9th Cir. 1995) ............................................................ 7

*Landis v. N. Am. Co.*
   299 U.S. 248 (1936) ................................................................. passim

*Leyva v. Certified Grocers of California, Ltd.,*
   593 F.2d 857 (9th Cir. 1979) .............................................. 7, 8, 11

*Lockyer v. Mirant Corp.,*
   398 F.3d 1098 (9th Cir. 2005) ...................................... 7, 8, 11, 12

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.*
   708 F.2d 1458 (9th Cir. 1983) ........................................................ 7

*Potchin v. Prudential Home Mortgage Co. Inc.,*
   1999 U.S. Dist. Lexis 22480 (E.D.N.Y. 1999) ............................... 10

*San Francisco Technology v. Adobe Systems*
   2010 U.S. Dist. Lexis 40216 (N.D. Cal. April 13, 2010) .......... 9, 12, 14, 15

*Schneider v. Citicorp Mortgage, Inc.,*
   324 F.Supp.2d 372 (E.D.N.Y. 2004) ...................................... 10, 15

*Stauffer v. Brooks Bros.,*
   615 F.Supp.2d 248 (S.D.N.Y. 2009) ............................................... 9

*Sun v. Singapore Airlines, Ltd.,*
   2003 U.S. Dist. Lexis 5820 (N.D. Ill. April 4, 2003) ....................... 10

*Taylor, Bean &Whitaker Mortg. Corp. v. Triduanum,*
   2009 U.S. Dist. LEXIS 60849 (E.D. Cal. 2009) ............................... 7

*United States v. AMC Entertainment, Inc.*
   549 F.3d 760 (9th Cir. 2008) ........................................................ 2

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

## Statutes

12 U.S.C. §
    2601 *et seq* ........................................................................ 10

35 U.S.C. §
    292 ...................................................................................... 9

42 U.S.C. §§
    12101 et seq. ..................................................................... 2, 5

Cal. Civ. Code, §§
    54 *et seq.* ............................................................................ 5

Federal Rules of Civil Procedure
    1 ......................................................................................... 7

Federal Rules of Civil Procedure
    12(b)(6) .............................................................................. 3

Federal Rules of Civil Procedure
    16(a)(3) .............................................................................. 7

## Other Authorities

Americans With Disabilities Act of 1990 .................................... 2, 5

California Disabled Americans With Disabilities Act ..................... 2

Real Estate Settlement Procedures Act
    § 8 ................................................................................... 10

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

This dispute involves a Plaintiff Mr. Kenneth Munson ("Munson"), a handicapped citizen, and allegations of non-compliance under the American with Disabilities Act regarding installation of *on*-street, *angled* parking and an associated curb cut located at a particular store front in the unincorporated mountain town of Crestline.  Defendant, County of San Bernardino ("County"), respectfully moves this Court for a *temporary* stay of proceedings in this matter.

The precise legal question at issue here, with an almost identical factual pattern, is currently subject to an interlocutory appeal by another action before the 9th Circuit.  Oral argument there is anticipated in Pasadena later this Summer, if not early fall.  A decision from that appeal will likely guide the parties dispositively in this action.

As such, the County respectfully requests a stay pending the results of that appeal.

## I.    INTRODUCTION

A parallel case previously before the Honorable Dean D. Pregerson of the California Central District is currently pending appeal before the Ninth Circuit: *Fortyune v. City of Lomita,* No. CV-11-06644-DDP-JCG.  All briefings from the appeal have been submitted and oral argument is likely to occur within the next few months.   (Court of Appeals Docket # 12-56280).

The dispute in *Fortyune* involves identical legal issues of law applied to essentially identical factual circumstances to this action.  Plaintiff in the *Fortyune* case is represented by the same legal counsel representing Munson in this action – the "Center For Disability Access."  The County believes a ruling by the 9th Circuit from the *Fortyune* appeal will likely guide the outcome of this case.  Rather than needlessly  expending resources merely to "guess" at potential remedies in this action, the County believes, respectfully, that good cause exists to seek a temporary

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION

stay pending the outcome of the *Fortyune* appeal.

### A.   The Nature of this Action is Identical to that of *Fortyune*

In this action, as in *Fortyune,* a determination must be made as to whether on-street parking is a program encompassed under the Americans With Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and whether or not the County violated the Act by not providing curb cuts for a disabled person, here, Plaintiff Munson, and access to pedestrian pathways located in the city of Crestline.[1]

The County maintains, in part, that in the absence of regulations establishing guidelines to instruct public agencies on how to affix *on*-street ADA-compliant parking stalls, the County had, and continues to have, no statutory obligation to undertake this herculean task – which implicates not just one location at issue, but potentially dozens, if not more in the future.  In the absence of such regulations – mindful that ADA regulations exist for *off*-street parking and similar programs – the County was without notice that existing on-street parking could trigger an ADA violation, and liability based on the foregoing is a deprivation of the County's due process rights.  Accompanying Request for Judicial Notice ("Judicial Notice"), Ex. C, Country's Answer, i.e., 4th, 5th, 11th Affirmative Defenses (defendant has completely or substantially complied with all applicable requirements; defendant has not violated any applicable federal, state or municipal disability access laws); see also, *United States v. AMC Entertainment, Inc*., 549 F.3d 760, 763, 768-769 (9th Cir. 2008)( district court order requiring  modification to movie theater seating that had been built prior to government's  fair notice of interpretation of regulation was due process violation).

---

[1] Notably, a violation of the ADA is a violation of the California counterpart, the California Disabled Americans With Disabilities Act ("DPA") and, thus, it is unnecessary for the Court to separately address the DPA.  *Fortyune v. City of Lomita,* 823 F.Supp. 2d 1036, 1038 n.2 (C.D. Cal. 2011).

1    These very same issues are currently under consideration by the Ninth

2    Circuit.  There, the City of Lomita filed a Fed. R. Civ. Proc. 12(b)(6) motion sought

3    dismissal of the *Fortyune* complaint on identical legal grounds regarding lack of on-

4    street parking as to one location in the City of Lomita (vice Crestline here).

5    *Fortyune v. City of Lomita,* 823 F. Supp. 2d 1036, 1038 (C.D. Cal. 2011).  Judicial

6    Notice, comparing Ex. A, Fortyune Complaint, and Ex. B, Munson Complaint.

7    Judge Pregerson denied the City's motion to dismiss, indicating that, in part, the

8    mandate to comply with ADA requirements was broad, even in the absence of

9    specific guidelines to comply.  *Fortyune,* 823 F. Supp. 2d at 1039.  The City of

10   Lomita thereafter sought an interlocutory appeal from this ruling.  *Fortyune v. City*

11   *of Lomita,* 2012 U.S. Dist. LEXIS 47838 (C.D. Cal. Apr. 4, 2012).

12    **B.    Relief Sought is A Temporary Stay Pending Resolution of Appeal**

13    In a few months, perhaps slightly longer, it is anticipated the Ninth Circuit

14   will decide whether the ADA imparted a duty on the City of Lomita to provide curb

15   cuts for disabled plaintiff Fortyune, notwithstanding that guidelines for on-street

16   parking, although in draft form, have not yet been adopted.  Declaration of Ernest

17   Price, ¶ 4; Judicial Notice, Ex. D thru G (Appellate Briefs by City of Lomita,

18   Fortyune and Department of Justice).

19    The district court dismissed the City of Lomita's 12(b)(6) motion, finding the

20   ADA's general mandate that all public services be readily accessible to disabled

21   persons obligated the city to decide what guidelines would be required of the city if

22   they did in fact exist.  823 F. Supp. 2d at 1039.  If the Ninth Circuit reverses the

23   lower court, and  finds that, in the absence of on-street parking ADA regulations, no

24   legal duty exists, the *Fortyune* case will likely be dismissed.

25    Given the parity of the allegations in these cases*,* a dismissal by the Ninth

26   Circuit will necessarily result in precedent that will dispose of all, if not most, of

27   Plaintiff Munson's claims.

28

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

1    In the alternative, if the lower court is upheld, the County anticipates a ruling

2  will provide some substantive direction for the City of Lomita, i.e., measures it must

3  consider to make on-street parking "ADA-compliant," possibly by referencing

4  analogous regulations.  Without this instruction, the City of Lomita, and now the

5  County of San Bernardino, will continue to operate in the proverbial dark.

6    For instance, should a stay in this action not be considered, a risk exists that

7  divergent remedies may be adjudicated by at least two different courts, with

8  deviating decrees on what constitutes ADA compliance for on-street, angled

9  parking.  The County therefore respectfully implores that this Court stay the case for

10  a short duration until the Ninth Circuit's opinion issues.

11    Both parties in the *Fortyune* action have already submitted all briefing to the

12  Court of Appeals – to include an amicus brief from the Department of Justice – and

13  a hearing for oral argument is anticipated the later half of this year.  Judicial Notice,

14  Ex. D - G; Declaration of Price, ¶4.  The County believes this brief delay would

15  result in no substantive prejudice to either party in this action.  Further, the County

16  believes the benefit from a ruling that simplifies and/or narrows the issues for the

17  litigants here, as for this Court, and possibly eliminates some if not all of the claims

18  at hand, far outweighs any potential harm that Plaintiff may purport to suffer if the

19  case does not proceed straight away.  Staying the matter is in the sound discretion of

20  this Court to control its docket, to ensure judicial resources are not needlessly

21  committed and wasted, and to protect this circuit from new ADA law comprised of

22  inconsistent decisions.  *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

23    Because the Ninth Circuit's resolution of *Fortyune* is virtually certain to

24  effect, if not control the outcome of this case, Defendant respectfully requests a stay

25  of this action until completion of the appellate proceeding.

26  **II.    FACTUAL BACKGROUND**

27    On January 17, 2013, Plaintiff Kenneth Munson filed a complaint in

28

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

1   California state court (later removed to this Court), alleging that the parking

2   available to access local stores frequented by Plaintiff in Crestline was inadequate

3   for persons like Munson who suffer physical impairments.  Judicial Notice, Ex. B,

4   Munson Complaint at ¶¶ 4-6.  The parking consists of parallel parking and diagonal

5   stalls, which Munson contends are not "accessible or marked or reserved for use by

6   persons with disabilities."  *Id*. Complaint at ¶ 5.  Plaintiff therefore contends that the

7   parking and attendant curbs are programs/facilities that violate the Americans With

8   Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and the California Disabled

9   Persons Act (Cal. Civ. Code, §§ 54 *et seq*.)because they deny persons with

10  disabilities full and equal access to said programs/facilities.  *Id.* Munson Complaint

11  at ¶¶ 8 -14.

12          A lawsuit filed two years earlier, *Fortyune v. City of Lomita,* 823 F. Supp. 2d

13  1036 (C.D. Cal. 2011), involves essentially the same facts and mirrors the precise

14  legal issues in the *Munson* complaint.  Initially filed in state court on July 1, 2011

15  and later removed to federal court, *Fortyune* also involves a physically impaired

16  plaintiff and California resident, Robin K. Fortyune, who, it is alleged, visits stores

17  and facilities with parallel parking and diagonal stalls not "marked or reserved for

18  persons with disabilities."  Judicial Notice, Ex. A, Fortyune Complaint at ¶ 1, 4-6.

19  As in *Munson,* plaintiff Fortyune maintains that the parking and attendant curbs are

20  programs/facilities that violate the Americans With Disabilities Act of 1990 (42

21  U.S.C. §§ 12101 et seq.) and the California Disabled Persons Act (Cal. Civ. Code,

22  §§ 54 et seq.) because they deny persons with disabilities full and equal access to

23  said programs/facilities.  *Id.*  Fortyune Complaint at ¶¶ 9-13.   A comparison of both

24  the *Fortyune* and *Munson* complaints reveal the same causes action and appear, for

25  all intents and purposes – respectfully – to be form pleadings from the same law

26  office.  *Id*. Judicial Notice, Ex. A and B.

27          Presently, the *Fortyune* matter is on appeal before the Ninth Circuit Court of

28

1    Appeal.  More specifically, defendant city of Lomita brought a Federal Rule of Civil

2    Procedure 12(b)(6) motion to dismiss, essentially arguing that no regulations exist

3    under the ADA that mandate *on*-street (as opposed to *off*-street) accessibility

4    parking and, thus, the city's parking facilities were not  a violation of the ADA.

5    Respectfully, Judge Pregerson disagreed, finding the absence of a specific regulation

6    addressing handicap accessibility for on-street parking did not relieve the City of an

7    obligation to comply with the ADA's broader mandate that all public services be

8    readily accessible to disabled persons.  *Fortyune,* 823 F. Supp. 2d at 1038-39.  The

9    court therefore  held that plaintiff alleged facts sufficient to plausibly make out a

10   claim for relief under the ADA and DPA, and denied the City's motion.  *Id.* at 1039.

11   The City subsequently sought an interlocutory appeal of the denial of its motion,

12   which the court granted on April 4, 2012.  *Fortyune,* 2012 U.S. Dist. LEXIS 47838

13   (C.D. Cal. Apr. 4, 2012).  The issue generally presented by this appeal:

14           Does the general mandate of Title II of the ADA,  requiring that a

15           public entity make its services   accessible to the disabled, compel the

16           City to provide on-street disabled parking on all existing public right-

17           of-ways, where public parking is provided, notwithstanding the fact

18           that no express statute or regulation requiring such parking exists and in

19           the absence of any guidance whatsoever on issues such as where to

20           install the on-street parking, how to construct it , or how many spaces

21           to provide?

22   *See*, Judicial Notice, Ex. D, Brief of Appellant, pp. 1-2.  This issue is at the heart of

23   the *Munson* Complaint, ¶¶ 4-14, and goes directly to the County's defenses.

24   Judicial Notice,  Ex. C, Answer, i.e., 4th, 5th, 11th Affirmative Defenses (defendant

25   has completely or substantially complied with all applicable requirements;

26   defendant has not violated any applicable federal, state or municipal disability

27   access laws).

28

## III.   LEGAL ARGUMENT

### A.   THE COURT HAS DISCRETION TO STAY THIS ACTION UNDER *LANDIS* PENDING THE OUTCOME OF THE SAME LEGAL ISSUES ON APPEAL BEFORE THE NINTH CIRCUIT

The Court possesses the inherent power to control its own docket and calendar. *Taylor, Bean &Whitaker Mortg. Corp. v. Triduanum,* 2009 U.S. Dist. LEXIS 60849, 4 (C.D. Cal. 2009).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before it.

*Id.* (quoting *Mediterranean Enterprises, Inc. v. Ssangyong Corp.* (9th Cir. 1983) 708 F.2d 1458, 1465.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681 (1997).  Further, Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. Thus, it is well recognized that a court may, in its discretion, stay civil proceedings when the interests of justice so require. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995).  In particular, district courts have authority under Federal Rules of Civil Procedure 16(a)(3) to schedule proceedings in a case to "discourag[e] wasteful pretrial activities."

To this end, "[a] trial court may, with propriety, find its efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (a stay may be the most efficient

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION

1   and fairest course when there are "independent proceedings which bear upon the

2   case").  This rule applies "whether the separate proceedings are <u>judicial</u>,

3   administrative, or arbitral in character, and does not require that the issues in such

4   proceedings are necessarily controlling of the action before the court." *Levya v.*

5   *Certified Groceries of California, Ltd.,* 593 F.2d 857, 864-65 (emphasis added).

6   More specifically, commonly referred to as a *Landis* motion, a district court has

7   discretionary power to stay proceedings in its own court.  *Lockyer v. California,* 398

8   F.3d 1098, 1109.

9       In *Landis,* two holding companies sued the Securities and Exchange

10  Commission ("SEC") in the District Court of Columbia to restrain the SEC from

11  enforcing a statute on the grounds that it was unconstitutional and void.  *Landis,* 299

12  U.S. at 249.  Numerous other like suits were filed against the SEC in that district

13  court and in others.  *Id.*  The SEC contemporaneously filed a suit in the Southern

14  District Court of New York to compel the holding companies to comply with the

15  statute and register with the SEC.  *Id.* at 249-50.  The SEC then brought a motion to

16  stay the D.C. proceeding, which the D.C. court granted, ordering the stay to

17  continue in effect until final resolution of the statute's validity by the highest court,

18  if appealed.  *Id.* at 253.  Defendants challenged the stay, the Court of Appeals

19  reversed, and the Supreme Court granted certiorari.  *Id.* at 253-54.  The Supreme

20  Court ultimately reversed the Court of Appeals and vacated the district court,

21  finding the stay's duration – effective until final resolution – exceeded the limits of

22  fair discretion.  *Id.* at 256.  Importantly, the *Landis* court declared it <u>within the</u>

23  <u>discretionary power of a court to stay a proceeding to abide the outcome of other</u>

24  <u>litigation</u>.  *Id.* at 249, 256.

25      Staying the proceeding in *Landis* was necessitated by the possibility, the

26  Court reasoned, that the New York district court would  narrow, simplify and/or

27  decide the very issues the D.C. court would also adjudge.  299 U.S. at 259.  As the

28

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

court observed, "a decision in the cause then pending in New York may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all." *Id.* Although staying the action was declared a necessity, the duration of the stay was remanded to be limited "within the bounds of moderation." *Id.* at 259.

Courts continue to follow *Landis* and issue stays to this very day where dispositive legal issues are pending before a higher court in the same or a sister circuit. *San Francisco Technology v. Adobe Systems,* No. C 09-6083, 2010 U.S. Dist. Lexis 40216 (N.D. Cal. April 13, 2010) ["*SFT*"] is one recent example. In that case, defendant companies in a patent infringement case in the Northern California district court sought to stay that action pending resolution of a threshold issue regarding standing on appeal before the Federal Circuit, which asked: whether *qui tam* plaintiffs had Article III standing to sue defendants for violating 35 U.S.C. § 292 (false marketing). *Id.* at *3-4. The Southern District Court of New York in *Stauffer v. Brooks Bros.,* 615 F.Supp.2d 248 (S.D.N.Y. 2009) had found *qui tam* plaintiffs lacked Article III standing under 35 U.S.C. § 292, that case was appealed, and the standing issue was pending resolution by the Federal Circuit at or around the time *SFT* was filed. *Id.* at 11. Because the holding in *Stauffer* would <u>directly dispose of the standing issue in *SFT*</u>, the California district court granted the stay. *Id.* at 13 & n.5.

Although noting that a stay generally may not issue if the appellate decision will have only *some* bearing on the lower case, a stay was nonetheless justified. *Id.* at 13. First, the court noted, plaintiffs could not take issue with the stay if, rather than postponing the matter, the court alternatively followed *Stauffer* and dismissed the case out of hand. *Ibid.* Second, if it did not follow *Stauffer* and thus did not dismiss the case, the Federal Circuit's ruling would issue before *SFT* had concluded, and an affirmation by the Federal Circuit of *Stauffer* required that *SFT* be dismissed.

*Id.* Moreover, the court observed, the plaintiff had not identified any particular prejudice, particularly since a mere delay of monetary recovery was not a hardship obviating the need for a stay. *Id.* at 13-14.

Similarly, in *Alechen Sun v. Singapore Airlines, Ltd.,* No. 03C1334, 2003 U.S. Dist. Lexis 5820 (N.D. Ill. April 4, 2003), the district court for the Northern District of Illinois stayed an action pending resolution of a threshold issue, then-under consideration by the U.S. Supreme Court from two cases in the Ninth Circuit, relating to an entity's status as a "foreign state" under 28 U.S.C. Section 1603(b), which decided the court's subject matter jurisdiction. *Id.* at *2-4. The court justified the stay on the grounds that the Supreme Court's determination of the same jurisdictional issue would decide the fate of the action before the Illinois district court. *Ibid.*

Likewise, in *Schneider v. Citicorp Mortgage, Inc.,* 324 F.Supp.2d 372 (E.D.N.Y. 2004), plaintiffs moved for class certification and the district court of the Eastern District of New York stayed the proceedings pending a determination of the same class certification issue on appeal before the Second Circuit in a similar case. There, *Schneider* involved a proposed class action against defendants Citicorp Mortgage, Inc. and Citicorp based on violations of Section 8 of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*). *Id.* at 374. A few years before *Schneider,* the same counsel initiated *Potchin v. Prudential Home Mortgage Co. Inc.,* 1999 U.S. Dist. Lexis 22480 (E.D.N.Y. 1999), a case involving the same legal issues controlling the allegations in *Schneider. Id.* Given that in both cases the identity of counsel and the legal issues were the same (as in this action), the district court stayed its case pending resolution of the class certification issue by the Second Circuit. *Id.; see also Freudberg v. Household Int'l, Inc. et al.,* No. 05-1779, 2006 U.S. Dist. Lexis 24765 (E.D. Pa. Feb. 7, 2006) (staying the matter for no more than 6 months pending resolution by the U.S. Supreme Court of a conflict in the

Third Circuit involving the same arbitration agreements in form and content as those before the Pennsylvania district court).

The principles articulated in *Landis* have also been sustained on several other occasions in this circuit. *Lockyer,* 398 F.3d 1098. Thus, for example, in *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)*,* a district court stayed a case where similar cases had been pending before it and where the court anticipated more cases would soon be filed. *Id.* at 269. The plaintiff, an air freight forwarder, had brought an action against a shipper, claiming that it had been undercompensated based on applicable tariffs and services rendered. *Id.* at 266. Twelve similar actions were filed by *CMAX* in the same district court against other shippers. The same year that case was pending trial, the bureau of enforcement of the plaintiff-freight forwarder's regulatory board instituted an action against it, alleging that *CMAX* had intentionally abused its position as a carrier, had gamed the tariff system, and the board therefore sought to revoke *CMAX's* operational authority. *Id.* at 267. The defendant-shipper in *CMAX* moved to stay the trial pending the outcome of the board proceeding, maintaining that an enforcement order against *CMAX* would raise a legal question as to *CMAX's* ability to collect payment from former customers that would affect the disposition of all 13 pending district court actions. *Id.* at 267-68. The court agreed and a stay ensued.

*CMAX* challenged the stay, but the Ninth Circuit upheld it, finding *CMAX* did not make a strong showing of hardship since postponing the trial would delay only its potential to recover monetary damages. *Id.* at 268-69. Moreover, the court noted, interests of uniform treatment of like suits justified a stay pending resolution of the administrative action. *Id.; see also Mediterranean Enterprises, Inc. v. Sangyong Corp.,* 708 F.2d 1458, 1465  (9th Cir. 1983) (affirming *Landis* stay of entire suit pending outcome of issues sent to arbitration due to overlap of non-arbitrable and arbitrable counts in the complaint); *Levya v. Certified Grocers of*

1    *California, Ltd.,* 593 F.2d 857 (9th Cir. 1979) (staying two-count action under

2    *Landis* until resolution of arbitrable issue on judicial economy grounds).

3    **B.   THE COURT SHOULD BRIEFLY STAY THIS PROCEEDING
          PENDING THE OUTCOME IN *FORTYUNE* OF LEGAL ISSUES
4         DISPOSITIVE OF THE SAME ISSUES RAISED IN THIS CASE**

5        A court considering whether to grant a *Landis* stay considers "the possible

6    damage which may result from the granting of a stay, the hardship or equity which a

7    party may suffer in being required to go forward, and the orderly course of justice

8    measured in terms of the simplifying or complicating of issues, proof, and questions

9    of law which could be expected to result from a stay." *CMAX, ,* 300 F.2d at  268,

10   *citing Landis,* 299 U.S. at 255; *Lockyer,* 398 F.3d at 1112-13.  The court may also

11   factor whether the other proceeding will conclude within a reasonable time to justify

12   the delay.  *Levya*, 593 F.2d at 864.

13           **1.   A Stay Here Will Further The Orderly Course Of Justice**

14       As in *Landis* and *SFT, Munson* and *Fortyune* involve the same questions of

15   law.  Indeed, the Ninth Circuit's ruling in *Fortyune* will directly determine the fate

16   of the legal issues plaintiff's counsel duplicates for consideration before the Court

17   here.  Both cases require consideration of whether the on-street parking is a

18   service/program, as defined by Title II of the ADA,[2] and is therefore subject to the

19   ADA's reasonable accessibility requirement.  More precisely, the question is

20   whether Title II's general mandate, "[ that] no qualified individual with a disability

21   shall, by reason of such disability, be excluded from participation in or be denied the

22   benefits of the services, programs or activities of a public entity, or be subjected to

23   discrimination by any such entity" imposes on the city and County a requirement to

24   make on-street parking reasonably accessible, in the absence of specific regulations

25   establishing accessibility standards for on-street parking that would have provided

_____

27   [2] *See* footnote 1.

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

the agencies with notice of a potential ADA violation.   *Fortyune*, 823 F. Supp. 2d at 1038.

Therefore, for the same reasons stays issued in *Landis* and *SFT,* a stay, respectfully, is also warranted here:  it would ensure uniformity of decisions for cases, such as these, that involve novel and far-reaching questions about the ADA – a statute whose interpretations will significantly influence the fate of future claims by similarly situated plaintiffs in this and in many other states.  The County also believes a stay will narrow and simplify for this Court identical legal questions that the Ninth Circuit will decide in the foreseeable future, and also streamline these issues should either party exercise their right to appeal.

### 2.    The Benefit To The Parties Far Outweighs Any Harm From Staying This Proceeding

The Ninth Circuit's decision in *Fortyune* will likely come down before this case has been decided, with trial currently set in 2014.  Given the near identity of the issues in the two cases, the County believes it futile and inefficient for the parties to engage in discovery, research conflicting authorities, prepare for this Court to review, potentially lengthy briefs and rule on underlying issues, only to revisit all arguments in light of what will likely be Ninth Circuit guidance and/or new Ninth Circuit precedent arising from a ruling in *Fortyune.*  Alternatively, a reversal of the lower court will result in the dismissal of all if not most of the claims in the case at hand.  Allowing depositions and document production to proceed – where potentially hundreds of hours and thousands of documents are involved – in a case that could be dismissed pending appeal, upon first blush, appears to be a waste for all parties involved.

The County believes a stay is therefore warranted as a matter of judicial economy, to avoid unnecessary costs and burdens on this Court and the parties caused by duplicative litigation within the same circuit, and to possibly reprieve the parties of expending considerable time and money briefing issues in vain and where

1  no viable legal claim exists.  It is for these very reasons the *Landis* stay came to be

2  and why courts in the many decades since abide by its precedent.

3       The hardship that Defendant would face if the action is not stayed far

4  surpasses the mere inconvenience that Plaintiff may face.  Indeed, Munson may

5  maintain that a delay in monetary relief, presupposing his claims have merit,

6  warrants this Motion's denial, but a stay cannot be denied on this ground.  *SFT,*

7  2010 U.S. Dist. Lexis at ** 13-14 (delay from mere monetary relief insufficient to

8  show prejudice from a stay); *accord CMAX,* 300 F.2d at 268.

9       Equally unconvincing is the notion that he will suffer a hardship from a

10  temporary delay of the prospect of injunctive relief.  To the contrary, the question of

11  injunction itself is part and parcel of the issue on appeal, which will be dispositive of

12  Munson's entire case: whether on-street, angled parking stalls must be installed.

13  That is, the County maintains that in the absence of guidelines setting forth ADA

14  on-street parking requirements, it cannot portend what those dimensions should be.

15  To the extent such guidelines are forthcoming, they are not in effect today.

16  Therefore, any injunctive relief issued by this Court ordering that the County

17  "comply" with the ADA would be of little avail in the absence of specific guidelines

18  instructing the County on what it must do.

19       This, in essence, captures a large part of what the City of Lomita argued in its

20  motion to dismiss.  *Fortyune*, 823 F. Supp. 2d at 1038.  Importantly, before the

21  Ninth Circuit are several briefs from Fortyune and the Department of Justice that

22  purport to instruct on what the requirements should be and how they can be

23  determined.  It logically follows that, if the appellate court rules in *Fortyune's* favor,

24  the case will be remanded to the district court with instructions on precisely how the

25  City can make its parking ADA compliant.  A stay of this action is therefore

26  beneficial to both parties for it provides the possibility that some ADA guidance, up

27  to this time unclear and arguably unavailable, will issue from the Court of Appeals.

28

DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO STAY THIS
ACTION

**3.    A Decision In The *Fortyune* Appeal Is Reasonably Forthcoming And Staying This Proceeding Will Therefore Not Result In Undue Delay**

Staying this proceeding will not result in undue delay.[3]  Briefing by both sides has been prepared and filed, and oral argument is anticipated this late Summer or early Fall.   Price Decl. ¶ 4.   It is anticipated the Ninth Circuit's ruling should therefore issue within a reasonable period of time.  .  In *Schneider,* 824 F.Supp.2d at 374, for instance, the Second Circuit had just issued an order granting leave to appeal – absent any briefings – when  the subject district court granted a stay of  the case at hand.  Similarly, in *SFT,* 2010 U.S. Dist. Lexis at * 15, the district court granted a stay before appellate arguments had even been scheduled.  Here, briefing is already complete, all that remains is oral argument.

## IV.    CONCLUSION

For the foregoing reasons, the County respectfully requests that this action be temporarily stayed pending resolution of the Ninth Circuit's consideration of appeal regarding the motion to dismiss in the *Fortyune* action, an opinion that should issue reasonably soon.  Under the *Landis* doctrine and pursuant to the inherent powers of this Court to control its own docket in the spirit of judicial efficiency and to ensure uniformity in ADA decisions, a stay of this action is justified and, respectfully, should therefore be granted.

DATED:  June 17, 2013            MEYERS, NAVE, RIBACK, SILVER & WILSON


By:  */s/ Ernest E. Price*
ERNEST E. PRICE
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO

---

[3] Respectfully, this Court could issue a stay on the condition that, if at any time it appears that waiting for the Ninth Circuit's ruling is causing undue delay, the Court may by its own motion lift the stay. *See, e.g., SFT,* 2010 U.S. Dist. Lexis at * 15.